UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOGALES PRODUCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-1425-G |
| JOSE MIGUEL GUEMEZ, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Jose Miguel Guemez ("Guemez") for failure to state a claim upon which relief can be granted. For the following reasons, Guemez's motion to dismiss for failure to state a claim is denied.

I. BACKGROUND

Plaintiff Nogales Produce, Inc. ("Nogales") buys and sells perishable agricultural commodities in interstate commerce. Amended Verified Complaint for Accounting, Segregation of Trust Assets, Turnover, Temporary Restraining Order, and Preliminary Injunction ("Complaint") ¶ 8. Nogales is the beneficiary of a

statutory trust created pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). *Id.* ¶ 7. From February 2004 through November 2006, Nogales entered into agreements whereby it agreed to sell perishable agricultural commodities to Jenny's Meat Market Corp. ("Jenny's") and Michelle's Meat Market ("Michelle's"). *Id.* ¶ 11.

On August 11, 1006, Nogales filed its original complaint. On October 13, 2006, Nogales amended its complaint, adding Guemez and Maria De Jesus Guemez as defendants. Nogales asserted that the defendants failed to maintain the trust in accordance with PACA, and breached the agreement and their fiduciary duties. *See generally id*. On June 25, 2007, this court entered an agreed judgment against Jenny's and Michelle's. Guemez moves to dismiss Nogales's claims against him.

## II.  ANALYSIS

### A.  Legal Standards Applicable On Motion To Dismiss

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). Thus, a motion under FED. R. CIV. P. 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994). The court must accept as true all well-pleaded facts in the complaint and construe the complaint liberally in favor of the

plaintiff. *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994). The court should also give the plaintiff an opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); see also *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-99 (5th Cir. 1981).

According to Nogales, defendants Maria De Jesus Guemez and Guemez were at all pertinent times, "members, owners, officers, directors, and/or principal managing employees of Jenny's . . . and Michelle's . . . and were engaged in the daily management, direction, operation and control of Jenny's . . . and Michelle's financial and business affairs." Complaint ¶ 22. On the other hand, Guemez argues that Nogales has not raised sufficient evidence of Guemez's personal liability. Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Claims at 2. Guemez further contends that Nogales had knowledge that Guemez did not control the trust assets at issue in this case. *Id*. However, the court cannot say that Nogales could prove no set of facts that would entitle it to relief. Therefore, Guemez's motion to dismiss under F.R.C.P. 12(b)(6) must be denied.

### III.  CONCLUSION

For the reasons stated, Guemez's motion to dismiss Nogales's claims against him is **DENIED**.

**SO ORDERED**.

July 20, 2007.

_____
A. JOE FISH
CHIEF JUDGE